UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONNA CAMPBELL**                                                                          **PLAINTIFF**

v.                                      CASE NO. 4:06-CV-00630 GTE

**JOHN E. POTTER, Postmaster General,**
**United States Postal Service**                                                      **DEFENDANT**

### ORDER ON MOTION FOR PARTIAL DISMISSAL

Presently before the Court is Defendant's Motion for Partial Dismissal of the Plaintiff's Claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

**I. Background**

In her Complaint, Plaintiff states that she, as an employee of the Postal Service, accepted a temporary light duty assignment on December 6, 2001. Plaintiff alleges that on or about July 9, 2002, Defendant failed to provide her work within her medical restrictions and placed her on administrative leave. She states that on or about July 15, 2002, Defendant found that the Plaintiff was medically unsuitable for the position of CFS Clerk at the Little Rock South Side Post Office

---

[1] Although the parties do not raise the issue of conversion, the Court will briefly address the issue. While Defendant submits documents outside of the pleadings for the Court's consideration, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). "Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Id*. In addition to Plaintiff's own discovery requests, Defendant has submitted the decisions and notices of the EEOC and the internal notices of decisions by the United States Postal Service that formed the basis of her EEO Complaints. The Court finds that conversion is not necessary.

1

and that Plaintiff would not be permitted to work.  Plaintiff also states that in a letter from Defendant's District Reasonable Accommodation Committee ("DRAC"), she was told that she would need to request either annual leave, sick leave, or leave without pay ("LWOP") while awaiting a determination concerning her application for disability retirement.  Plaintiff further alleges that on or about September 26, 2002, she was notified that she would be administratively separated from the Postal Services because of her inability to meet the essential functions of the position of CFS Clerk.  Plaintiff contends that Defendant failed to reasonably accommodate her disabilities.  Plaintiff's EEO Complaint 4G-720-0176-02 ("the first EEO Complaint"), dated October 7, 2002, alleges discrimination based upon race, color, national origin, sex, age, and disability, and alleges retaliation.[2]

Plaintiff went before the DRAC a second time, but was advised in a letter dated November 6, 2003, that she was medically unsuitable for the position of CFS clerk.  DRAC determined that the severity of her restrictions made her ineligible for any vacant and funded position within the Little Rock Post Office or the Little Rock Processing and Distribution Center.[3]  The DRAC recommended that Plaintiff apply for disability retirement and timely contact the retirement counselor, or she would be issued an action for removal due to medical inability.[4]  On January 6, Plaintiff was issued a Notice of Separation for medical inability to meet the essential functions of the job.[5]

---

[2]Exhibit 1, Defendant's Motion for Partial Dismissal.

[3]Exhibit 11, Defendant's Motion for Partial Dismissal.

[4]Exhibit 11, Defendant's Motion for Partial Dismissal.

[5]Exhibit 12, Defendant's Motion for Partial Dismissal.

On January 12, 2004, Plaintiff filed EEO Complaint number 4G-720-0023-04 ("the second EEO Complaint") alleging that Defendant discriminated against her on the basis of race, color, sex, disability, and that Defendant retaliated against her.[6] Specifically, she alleged that Defendant failed to reasonably accommodate her with a permanent light duty position, and that she was administratively separated on January 6, 2004.[7]

On September 15, 2004, the EEOC issued a written decision on the first EEO Complaint stating that the following claims were addressed:

> A.  A disparate treatment theory of employment discrimination addressing the following:
>
>> Did the United States Postal Service unlawfully discriminate on the basis of race (black/African American), color (darker brown), sex (female), national origin (African American/Negroid), age (DOB: 11/9/52), mental disability (Adjustment Disorder/Mixed Emotional Features), physical disability (Overuse Syndrome, Cervical Herniated Disc and Chronic Hypertension) and/or retaliate because of the Complainant's prior EEC Activity when:
>>
>> 1.  Commencing around or about July 9, 2002 and allegedly continuing thereafter, the Complainant was not provided work within her medical restrictions;
>>
>> 2.  Around or about July 9, 2002, the Complainant was not permitted to work and was placed on administrative leave;
>>
>> 3.  Around or about July 15, 2002, the Agency found that the Complainant was medically unsuitable for the position of CFS Clerk at the Little Rock South Side Post Office;
>>
>> 4.  Around or about July 25, 2002, the Complainant was not permitted to work and was required to request annual leave, sick leave, or leave without pay (LWOP); and/or

---

[6]Exhibit 4, Defendant's Motion for Partial Dismissal.

[7]Exhibit 4, Defendant's Motion for Partial Dismissal.

      5. Around or about September 26, 2002, the Complainant was notified that she would be administratively separated from the Postal Service allegedly because of the Complainant's medical inability to meet the essential functions of the position of CFS Clerk.

B. A reasonable accommodation theory of employment discrimination addressing the following:

      Commencing around or about July 9, 2002 and allegedly continuing thereafter, did the United States Postal Service unlawfully fail to reasonably accommodate the Complainant's alleged physical disability (Overuse Syndrome, Cervical Herniated Disc and Chronic Hypertension) and/or alleged mental disability (Adjustment Disorder/Mixed Emotional Features) when the Agency did not provide the Complainant with work within her medical restrictions?[8]

On or about January 4, 2005, a Final Agency Decision was issued finding no discrimination on Plaintiff's second EEO Complaint.[9] It appears to be undisputed that Plaintiff did not appeal the decision to the EEOC within 30 days of her receipt of the decision or file a civil action in federal district court within 90 days of her receipt of the decision.

On June 2, 2006, Plaintiff's filed Complaint in this Court alleging race, sex, and disability discrimination, as well as retaliation.

## II. Motion for Partial Dismissal

"A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). "A claimant must first timely file an administrative charge with the EEOC." *Id*. (citing 42 U.S.C. § 2000e-5(e); *Nichols v. Am. Nat'l Ins. Co,* 154 F.3d 875, 886 (8th Cir. 1998)). "The charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id*. (citing

---

[8]Exhibit 3, Defendant's Motion for Partial Dismissal.

[9]Exhibit 6, Defendant's Motion for Partial Dismissal.

29 C.F.R. § 1601.12(b)). "If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'" *Id*. (citing *Nichols,* 154 F.3d at 887). "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Id*. (citing *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 223 (8th Cir. 1994)).

Although the Court will "liberally construe an administrative charge for exhaustion of remedies purposes, [the Court] also recognize[s] that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo,* a claim which simply was not made.'" *Id*. at 635 (citing *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005) (quoting *Shannon v. Ford Motor Co.,* 72 F.3d 678, 685 (8th Cir. 1996))). Additionally, the Eighth Circuit has "considerably narrowed [its] view of what is 'like or reasonably related' to the originally filed EEOC allegations." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672 (8th Cir. 2006). However, the Eighth Circuit does "not require that subsequently-filed lawsuits mirror the administrative charges as long as the sweep of any subsequent judicial complaint is no broader than the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed in the EEOC complaint. *Id*. at 674 (internal quotations omitted).

Defendant moves this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), any claims that the Plaintiff raised in her second EEO Complaint, 4G-720-0023-04, and to limit the issues in this lawsuit to those raised and exhausted in her first EEO Complaint, 4G-720-0176-02.  Defendant states that Plaintiff is now attempting to "piggy-back" the issues raised in her second EEO Complaint onto the first EEO Complaint that she timely brought to this Court.

Plaintiff states that "[t]his is patently untrue, but Plaintiff is contending that if she was discriminated against in July of 2002 and she was separated from her employment in September of 2002, then her damages should be calculated through the date of trial, irrespective of her failure to pursue the 2004 charge of discrimination because the adverse action that resulted in her being separated in 2002 caused her damages which continues through the date of trial."  Plaintiff also quotes the allegations recited in the EEOC written decision dated September 15, 2004, quoted above, and states that she "has not alleged any other charges other than those accepted for investigation and those that were administratively exhausted."

As noted by Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Dismissal, based upon Plaintiff's response, it does not appear that Plaintiff disputes that the Court should limit the issues in this lawsuit to those raised and exhausted in her first EEO Complaint.  Therefore, Defendant's Motion for Partial Dismissal is granted.  The issues in this lawsuit are limited to those raised and exhausted in Plaintiff's first EEO Complaint, 4G-720-0176-02.  To the extent that Plaintiff has raised issues beyond the scope of the issues raised and exhausted in her first EEO Complaint, those claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion for Partial Dismissal (Docket No. 6) shall be, and it is hereby, GRANTED. The issues in this lawsuit are hereby limited to those raised and exhausted in Plaintiff's first EEO Complaint, 4G-720-0176-02.

IT IS SO ORDERED THIS 26th day of June, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE